UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
Orlando Division
Case No. 6:21-CV-00580-GAP-GJK

BRAIN AND SPINE CLINIC, LLC
f/k/a EAST COAST NEURO SPINE
CLINIC, LLC,

    Plaintiff,
vs.

BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC.,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, BRAIN AND SPINE CLINIC, LLC, F/K/A EAST COAST NEURO SPINE CLINIC, LLC (EAST COAST), by and through its undersigned attorney, sues the Defendant, BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. and alleges as follows:

### PRELIMINARY ALLEGATIONS

1. This is an action for damages in excess of $30,000.00, exclusive of interest, costs and attorney's fees.

2. Plaintiff, BRAIN AND SPINE CLINIC, LLC, F/K/A EAST COAST NEURO SPINE CLINIC, LLC (EAST COAST), is a Florida limited liability corporation authorized to offer medical services in Florida. All services offered in this case were offered in Brevard County, Florida.

3.      Defendant BLUE CORSS AND BLUE SHIELD OF FLORIDA, INC. (BCBS) is a corporation that is authorized to do business in the state of Florida, including in Brevard County, Florida, as a licensed Heath Insurer and is subject to the jurisdiction of this Court.

4.      BCBS is in the business of offering health insurance to consumers in Florida. People who chose to purchase insurance through BCBS or its licensed subsidiaries are afforded the opportunity to obtain medical care at a negotiated rate for non-emergency care in the state of Florida, through its network of authorized physicians.

5.      BCBS in addition to selling health insurance to consumers in Florida has entered into contracts with various medical providers in the state of Florida as well as with hospitals and other business that provide medical services to consumers to join the BCBS network and become preferred providers for their policyholders.

6.      To join the BCBS network medical professionals and providers have to agree to provide medical services at a negotiated reduced rate for insured under the BCBS policies.

7.      In return for agreeing to provide lower rates then they would normally charge, the health care professionals get access to the referral network for BCBS patients.

8.      BCBS has the right under its insurance policies with its customers to require preapproval of all elective surgeries and to require that all elective surgeries be performed by in network doctors and be done at in network health care facilities.

9.      Patients are allowed to have emergency treatment and surgery performed by out of network doctors without preapproval if the health and safety of the patient requires that the patient be seen immediately or need surgery performed immediately.

10. If the emergency surgery is performed by an out of network physician, BCBS and the provider are required to comply with Florida Statute 641.513 which sets out the procedures for providing emergency services and care as well as the costs to be paid for such treatment.

11. EAST COAST began operating as a medical health care provider in December of 2019.

12. EAST COAST and BCBS have no written agreements between themselves.

13. EAST COAST supplied and continues to supply medically necessary physician services in facilities that have agreements with BCBS, and emergency physician services in facilities which may or may not have agreements with BCBS to individuals covered by agreements with BCBS (Insureds).

14. All of the physician services complained of which were provide by EAST COAST were medically necessary.

15. BCBS is at all times material hereto required to provide coverage for all of the physician services provided by EAST COAT to Insureds pursuant to Fla. Stat. Section 627.64194, Section 641.513 and Section 641.3154 and pursuant to the agreements between BCBS and their Insureds.

16. EAST COAST timely and correctly billed BCBS for covered services that it had provide to Insured pursuant to Fla. Stat. Section 641.3155 (1) and (2) in that it submitted the bills to BCBS within six (6) months after the date of service; or after EAST COAST was furnished with the correct name and address of the patient's health maintenance organization.

17. EAST COAST timely and correctly billed BCBS for covered services that it had provided to Insureds pursuant to Fla. Stat. Section 627.6131 (2) and (3) in that it submitted the billings to

BCBS within six months after the date of service or after EAST COAST was furnished with the correct name and address of the patient's insurer.

18. When services are performed by an out of network provider, the Florida statutes cited above require BCBS to attempt to negotiate a payment with the provider if the parties do not have a contractual agreement when to the services rendered.

19. If the provider and BCBS are unable to negotiate an agreement for the payment of the provider's fee, BCBS is required to pay the provider pursuant to Florida State 641.513 (5).

20. The statute reads, "Reimbursement for services pursuant to this section by a provider who does not have a contract with the health maintenance organization shall be the lessor of:

(a) The provider's charges,

(b) The usual and customary provider charges for similar services in the community where the services were provided, or

(c) The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim."

21. EAST COAST is not a member of BCBS's network. As such it was not bound by any fee agreements pursuant to which BSCS pays its network physicians.

22. EAST COAST has performed emergency surgery on patients who have had health insurance with BCBS. Those surgeries were performed on the patients and dates listed below and in **Exhibit "A"**. Confidential information for all patients has been redacted.

23. As an out of network provider of emergency services to BCBS patients, EAST COAST submitted individual bills to BCBS for its usual and customary charges for the emergency services rendered.

24. BCBS has refused to pay the charges submitted by EAST COAST, and it has not told EAST COAST the reason why the charges have not been paid.

25. BCBS has not complied with Florida Statute 641.513 Section (5) (c) by attempting to negotiate a mutually agreeable charge for the services provided by EAST COAST.

26. EAST COAST's charges for the services rendered as described above are within the usual and customary charges for similar services in the community where the services were provided.

27. BCBS has breached its obligation under Florida Statute 641.513 to EAST COAST by refusing to pay him for the services that it provided to its insured members.

## COUNT I
## BREACH OF FLA STAT SECTION 627.4194 EMERGENCY TREATMENT

28. EAST COAST realleges paragraphs 1-27 above.

29. EAST COAST is a nonparticipating provider with BCBS pursuant to Fla. Stat. Section 627.64194 (1) (e), in that it is neither a preferred provider, nor an exclusive provider.

30. All of the services provided by EAST COAST to Insureds of BCBS were for covered emergency services provide to an insured in accordance with the coverage terms of the health insurance policy, for which the insurer and not the Insured is solely liable for payment.

31. All the services were provided at facilities that have contracts for emergency services with BCBS which the facility would otherwise be obligated to provide under contract with the insurer.

32. All the services were provided when the Insured did not have the ability and opportunity to choose a participating provider at the facility who is available to treat the Insured.

33. EAST COAST is entitled to recover a sum equal to the usual and customary charges for the services described above for the patients in the amounts as set out as follows:

    a. Patient J.L. was seen by EAST COAST as an emergency patient beginning February 11, 2020.

        i. EAST COAST billed his usual and customary rate for his services of $3,551.00.

        ii. BCBS has only paid 0, leaving a balance of $3,551.00

    b. Patient S.S was seen by Plaintiff as an emergency patient beginning January 15, 2020.

        i. EAST COAST billed its usual and customary rate for its services of $525.00.

        ii. BCBS has only paid 0, leaving a balance of $525.00

    c. Patient M.B. was seen by EAST COAST as an emergency patient beginning December 30, 2019.

        i. EAST COAST billed its usual and customary rate for its services for $16,739.00.

        ii. BCBS has only paid $2,812.47, leaving a balance of $13,926.53

    d.    Patient A.D. was seen by EAST COAST as an emergency patient beginning February 2, 2020.

        i.    EAST COAST billed its usual and customary rate for its services for $13,819.00.

        ii.    BCBS has only paid 0, leaving a balance of $13,819.00

    e.    Patient J.W. was seen by EAST COAST as an emergency patient beginning December 13, 2019.

        i.    EAST COAST billed its usual and customary rate for its services of $13,090.00.

        ii.    BCBS has only paid 0, leaving a balance of $13,090.00

    f.    Patient T.P. was seen by EAST COAST as an emergency patient beginning February 2, 2020.

        i.    EAST COAST billed its usual and customary rate for its services of $71,422.00.

        ii.    Defendant has only paid $8,822.10, leaving a balance of $62,599.90

    g.    Patient R.Z. was seen by EAST COAST as an emergency patient beginning January 20, 2020.

        i.    EAST COAST billed its usual and customary rate for its services of $766.00.

        ii.    BCBS has only paid 0, leaving a balance of $766.00

  h. Patient C.R. was seen by EAST COAST as an emergency patient beginning February 11, 2020.

    i. EAST COAST billed its usual and customary rate for its services of $1,033.00.

    ii. BCBS has only paid 0, leaving a balance of $1,033.00.

  i. Patient C.C. was seen by BCBS as an emergency patient beginning March 18, 2020.

    i. EAST COAST billed its usual and customary rate for its services of $22,715.00.

    ii. BCBS has only paid 0, leaving a balance of $22,715.00.

  j. Patient C.F. was seen by EAST COAST as an emergency patient on June 2, 2020.

    i. EAST COAST billed its usual and customary rate for its services of $60.852.00.

    ii. BCBS has only paid $7,904.05, leaving a balance of $52,947.95.

  k. Patient K.D. was seen by EAST COAST as an emergency patient beginning March 11, 2020.

    i. EAST COAST billed its usual and customary rate for its services of $1,120.00.

    ii. BCBS has only paid $354.16, leaving a balance of $768.84.

  l. Patient F.D. was seen by EAST COAST as an emergency patient beginning March 11 2020.

      i.      EAST COAST billed its usual and customary rate for its services of $23,653.00.

      ii.     BCBS has paid $0, leaving a balance of $23,653.00.

m.    Patient J.B.. was seen by EAST COAST as an emergency patient on April 26,, 2020.

      i.      EAST COAST billed its usual and customary rate for its services of $628.00.

      ii.     BCBS has only paid $0, leaving a balance of $628.00.

n.    Patient P.D. was seen by EAST COAST as an emergency patient on February 20, 2020.

      i.      EAST COAST billed its usual and customary rate for its services of $681.00.

      ii.     BCBS has only paid $0, leaving a balance of $681.00.

o.    Patient S.N.. was seen by EAST COAST as an emergency patient beginning on January 19, 2021.

      i.      EAST COAST billed its usual and customary rate for its services of $91,391.00.

      ii.     BCBS has only paid $9,683.34, leaving a balance of $81,707.66.

p.    Patient R.Y. was seen by EAST COAST as an emergency patient beginning on August 11, 2020.

    i.  EAST COAST billed its usual and customary rate for its services of $104,156.00.

    ii.  BCBS has only paid $3,084.46, leaving a balance of $101,071.54.

  q. Patient L.P. was seen by EAST COAST as an emergency patient beginning on November 3, 2020.

    i.  EAST COAST billed its usual and customary rate for its services of $4,906.00.

    ii.  BCBS has only paid $754.21, leaving a balance of $4,181,79.

  r. Patient H.J. was seen by EAST COAST as an emergency patient on May 25, 2020.

    i.  EAST COAST billed its usual and customary rate for its services of $1,233.00.

    ii.  BCBS has only paid $368.41, leaving a balance of $864.59.

  s. Patient K.P.. was seen by EAST COAST as an emergency patient beginning on October 12, 2020.

    i.  EAST COAST billed its usual and customary rate for its services of $14,686.00.

    ii.  BCBS has only paid $2,381.97, leaving a balance of $11,943.33.

  t. Patient A.H.A.. was seen by EAST COAST as an emergency patient on October 12, 2020.

      i.      EAST COAST billed its usual and customary rate for its services of $681.00.

      ii.      BCBS has only paid $182.85, leaving a balance of $498.15.

   u.   Patient H.Z.. was seen by EAST COAST as an emergency patient on December 6, 2020.

      i.      EAST COAST billed its usual and customary rate for its services of $681.00.

      ii.      BCBS has paid $0, leaving a balance of $681.00.

34. As shown above, BSCS has failed to reimburse EAST COAST the amounts that are due it based upon the "usual and customary charges in the community," after applying the applicable copayments, coinsurance and deductibles as required by Florida Statute Section 627.64194 (3) and (4).

35. EAST COAST has made demand for payment of the services and BCBS has failed to pay pursuant to the demand.

36. BSCS is solely liable to EAST COAST for the outstanding balance and EAST COAST cannot pursue the Insured for the same.

37. EAST COAST has been damaged by BCBS's failure to pay the amounts due, either by underpayment or non-payment.

38. EAST COAST has had to pay the undersigned attorneys for their services in bringing this suit and to the extent allowed by law is entitled to recover a reasonable attorney's fee for its attorney's services.

THEREFORE, Plaintiff, EAST COAST, demands judgment against BCBS for damages, together with interest, court costs, a trial by jury on all issues so triable, attorney's fees and any other relief which this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

39. East coast realleges paragraphs 1-38 above and further states that:

40. All of the Insured had health insurance agreements with BCBS which provide that BCBS would pay for Covered Services provided to those Insured.

41. All of the services provide by EAST COAST are covered services.

42. EAST COAST is the intended third-party beneficiary of those Insurance Agreements for various reasons including, but not limited to:

    a. BCBS's partial payment of some of the claims listed above, acknowledges its liability for the same,

    b. Florida Statute Section 627.4194 (4) which is incorporated into the Insurance Agreements, provided for payment directly to non-participating providers, such as EAST COAST. The payment provision shows that the Insurance Agreement clearly manifests an intention primarily and directly benefit non-participating providers such as EAST COAST for their services.

43. BCBS has failed to pay EAST COAST the usual and customary charges for the Covered Services, thereby breaching the Insurance Agreement.

44. EAST COAST is entitled to be paid more than BCBS has paid and has been damage by BCBS's failure to pay the correct amount due, either by underpayment or non-payment.

WHREFORE, Plaintiff, EAST COAST, demands judgment against the Defendant BCBS for damages, together with interest, court costs, attorney's fees, a trial by jury on all issues so triable, and any other relief which this Court may deem just and proper.

## COUNT III
## QUANTUM MERUIT

45. Pleading in the alternative, Plaintiff realleges paragraphs 1-44 above:

46. This is an action for quantum meruit recovery against the Defendant.

47. On the dates listed above, EAST COAST performed services for the patients listed above by provided emergency medical treatment to patients.

48. The patients listed above all had health insurance with the BCBS.

49. BCBS knowingly accepted the medical benefits provided by EAST COAST for its insured policyholders because it knew that immediate services were a necessity for the patients who needed to undergo emergency treatment without the delay that would have resulted by trying to locate an in-network provider, even though it knew that the cost for treatment by an out of network provider would be more expensive.

50. EAST COAST provided the medical treatment for the Insured of BCBS with the expectation that BCBS would pay its reasonable medical charges for the treatment rendered. BCBS knew that EAST COAST expected to be paid its reasonable medical charges for rendering the treatment.

51. EAST COAST is entitled to recover from BCBS the reasonable worth of the medical treatment provided based upon the reasonable and necessary costs typically charged for such services within the medical community.

WHEREFORE, EAST COAST requests that this Court enter a monetary award for damages against BCBS for the reasonable value of the medical treatment rendered to its Insureds, for the costs of this action, interest on such award, the recovery of attorney's fees, a trial by jury on all issues so triable, and such further and other relief as the Court deems just and proper.

## COUNT IV
## DECLARATORY JUDGMENT

52. EAST COAST realleges paragraphs 1-28 above.

53. Insureds of BCBS have received and will continue to receive covered services from EAST COAST.

54. BCBS is obligated and will continue to be obligated to pay EAST COAST for covered services proved to Insureds.

55. EAST COAST is unsure of its rights insofar as to the amount that it should be reimbursed from BCBS because:

    a. The amount paid by BCBS is below the usual and customary costs as defined in Florida Statute Section 641.513 (5),

    b. EAST COAST's charges are the usual and customary charges and BCBS has failed to pay them,

    c. BCBS arbitrarily determined what the allowed amount for the services were and then paid EAST COAT substantially below what the usual and customary charges are in the community,

    d. BCBS also reduced payments to EAST COAST from the allowed amount by subtracting more than would be the patient's responsibility.

e. BCBS has been inconsistent in its determination of the allowed amount such that EAST COAST needs the Court to determine what the allowed amount would be under the statute and the contract with the Insureds.

56. EAST COAST has a bona fide actual present and practical need for the declaration of what the usual and customary charges are and what the patient responsibility BCBS is allowed to apply and how the allowed amount is determined.

57. The determination of the usual and customary charges, patient responsibility, and the allowed amount is a continuing issue between the parties since EAST COAST's physician continues to take emergency call work and will have occasion to treat BCBS insureds in the future.

58. East Coast needs to know the allowed amount to bill so that these issues do not occur in the future.

WHREFORE, EAST COAST requests that this Court enter an Order finding:

a. That EAST COAST'S charges are usual and customary,

b. The correct amount of reimbursement due to EAST COAST,

c. The formula to determine the usual and customary charges,

d. What amount is to be applied to patient responsibility,

e. The amount that EAST COAST is entitled to recover as damages for underpayment and non-payment of either EAST COAST'S charges less payments or usual and customary charges less payments and patient responsibility,

f. Interest,

g. Court Costs,

h. Attorney's fees,

    i.   A trial by jury on all issues so triable,

    j.   Such further and other relief as the Court deems just and proper.


                                                                                      __s/ Clive N. Morgan____  
                                                                                       Clive N. Morgan, Esquire  
                                                                                       Florida Bar No. 357855  
                                                                                       BUSCH MILLS & SLOMKA, LLP  
                                                                                       Jacksonville, FL   32211  
                                                                                       Telephone: 904-508-0777  
                                                                                       PRIMARY SERVICE: pleadings@bsms.law  
                                                                                       Attorney for Plaintiff


**CERTIFICATE OF SERVICE**

       I CERTIFY that a copy of the foregoing has been furnished by electronic mail to all parties below who have an email address and by United States mail to all other parties this 16th day of April, 2021 to:

                                                                                       Attorneys for Defendant

                                                                                       *s/ Clive N. Morgan*  
                                                                                       Attorney